## FOLLEY and others *vs.* THE CITY OF PASSAIC.

Municipal authorities were restrained from converting to the purposes of a street, a parcel of land, under proceedings under the city charter, no award having been made in regard to the compensation of the owners of the fee, and the conversion of the property to the uses of a street, as proposed, doing them irreparable injury.

On motion to dissolve injunction, on bill and affidavits. annexed thereto.

*Mr. T. M. Moore,* for the motion.

*Mr. J. W. Griggs,* contra.

THE CHANCELLOR.

The bill is filed by Abraham Folley and his infant children, Sarah M. Folley, Ánnie D. Folley and Lilly Folley, to restrain the municipal authorities of the city of Passaic from converting, to the purposes of a street, under proceed-

ings under the city charter, part of a lot of land there. The property is of the dimensions of forty feet front and rear, and about two hundred and forty feet in depth. Upon it is a dwelling-house, in which the complainants reside. The premises are owned by the children, subject to the life estate of the father. The part which the city proposes to take for public use is a piece about twenty-one and a-half feet deep, by forty feet in width, being the entire court-yard. On it is one-half in width of the piazza of the house, which is along the entire front of the building, and of the width of five feet and a-half, and, also, a part of the area, which is in front of the basement and under the piazza. To repair the damage to the house, which will be occasioned by taking away the basement steps and part of the area, as above mentioned, the building must be removed farther back on the lot. The cost of so repairing the damage will, it appears, be about $2000. In the court-yard are valuable fruit and shade trees. The city, in the proceedings for condemnation, made no compensation to the children, and there was no award whatever in respect to their interest in the property. The award was, " To Abraham Folley, for Lot No. 9 ; no damages ; his benefits exceeding the damages." The bill alleges, and it appears by affidavit annexed thereto, also, that the commissioners, in making the award above mentioned, were not aware of the fact that part of the house would be within the line of the street, and that they, consequently, do not take that injury into account. But, however that may be, and apart from all other considerations, there is a ground on which the injunction should clearly be retained. The proceedings, as before stated, show no award whatever in regard to the compensation of the owners of the fee. On the argument, it was contended, in behalf of the city, that, conceding that the proceedings are in contravention of the rights of the children, they will not be injured, for, in that case, the city will have acquired no right to the land, as against them, and, therefore, they have no claim to the interference of this court. In such case, however, they have, on

constitutional grounds, a clear right to the relief they seek ; and, besides, to convert the property to the uses of a street, as proposed, would do them irreparable injury. The attempt of the city to take the property for public use, under these proceedings, is in plain violation, not only of the constitutional rights of the owners of the fee, but of the provisions of the charter. Nor will the fact that the complainants brought a *certiorari* to remove the proceedings into the Supreme Court, which was dismissed, for the reason that it was not brought within the time limited for that purpose in the charter, bar the claim of the owners of the fee to relief here. That claim rests on the broad ground that the attempt to take their property for public use, is without even the color of legality. The motion to dissolve the injunction is denied, with costs.